J. S27018/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                                   :             PENNSYLVANIA
                                   :
                                   :
              v.                    :
                                   :
DERIK L. KRAUSE,                  :
                                   :
            Appellant        :      No. 1455 MDA 2015

Appeal from the Order Entered July 22, 2015
In the Court of Common Pleas of Lebanon County
Criminal Division No.: CP-38-CR-0001715-2014

BEFORE: SHOGAN, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:                      **FILED JUNE 07, 2016**

Appellant, Derik L. Krause, appeals from the trial court's Judgment of Sentence entered on July 22, 2015, in the Court of Common Pleas of Lebanon County. Appellant's counsel, Elizabeth Judd, Esquire ("Attorney Judd") has filed a Brief and Petition to Withdraw pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). We affirm the Judgment of Sentence and grant Attorney Judd's Petition to Withdraw.

On June 8, 2015, Appellant entered an open guilty plea to Burglary, Criminal Trespass, Possession of an Instrument of Crime, Resisting Arrest, Loitering and Prowling at Night Time, Criminal Mischief, and Driving Under

---

[*] Former Justice specially assigned to the Superior Court.

the Influence.[1]  The Commonwealth stated the following facts during the

guilty plea hearing, to which Appellant pleaded guilty:

> This incident occurred September 29th, 2014, at [Hobbeze], Incorporated, in North Lebanon Township.
>
> * * *
>
> What had occurred is that he used a crowbar to get into the address of 1604 East Cumberland Street.  It was a back door to the business.  He was able to open the door, but did not enter that facility.
>
> He then was found heavily intoxicated -- by his vehicle -- when the police arrived.  There was a slight struggle when he refused to cooperate and get out of his vehicle at that point.
>
> Of course, the Loitering and Prowling deals with him being around the business.
>
> There is some testimony that he was sort of trying to enter different windows and doors.  So he used a crowbar on a back door.
>
> As far as Resisting Arrest, they had to struggle to try to get him out of the car.

N.T. Guilty Plea Hearing, 6/8/15, at 6-7.

On July 22, 2015, the trial court sentenced Appellant to an aggregate

term of 9 months to 2 years less one day of incarceration.

Appellant filed a timely Notice of Appeal.  Both Appellant and the trial

court complied with Pa.R.A.P. 1925.  On January 8, 2016, Attorney Judd

filed an **Anders** Brief and a Petition to Withdraw as counsel.

---

[1] 18 Pa.C.S. § 3502(a)(3); 18 Pa.C.S. § 3503(a)(1)(ii); 18 Pa.C.S. § 907(a); 18 Pa.C.S. § 5104; 18 Pa.C.S. § 5506; 18 Pa.C.S. § 3304(a)(5); and 75 Pa.C.S. § 3802(e), respectively.

As a preliminary matter, we address Attorney Judd's Petition to Withdraw. *Commonwealth v. Rojas*, 874 A.2d 638, 639 (Pa. Super. 2005) ("When faced with a purported *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." (quotation and citation omitted)).

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

> \* \* \*

> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa. Super. 2007) (citations omitted). Our Supreme Court has expounded further upon the requirements of *Anders*:

> [I]n the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a

- 3 -

summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, *supra* at 361.

We note that Attorney Judd has complied with all of the requirements of *Anders* as articulated in *Santiago*. Additionally, Attorney Judd confirms that she sent Appellant a copy of the *Anders* Brief, as well as a letter explaining to Appellant that he has the right to proceed *pro se* or the right to retain new counsel. *See Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010) (describing notice requirements). Attorney Judd appended a copy of the letter to the *Anders* Brief as Exhibit F.

Once "counsel has met these obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Commonwealth v. Flowers*, 113 A.3d 1246, 1248 (Pa. Super. 2015) (quoting *Santiago, supra* at 355 n. 5).

We now proceed to examine the issues counsel set forth in the *Anders* Brief.[2] Appellant first contends that the trial court "erred when it would not permit [Appellant] to withdraw his guilty plea" after sentencing because his

_____

[2] Appellant has not filed a response to Attorney Judd's *Anders* Brief and Petition to Withdraw.

guilty plea was not knowing, intelligent, and voluntary. Second, Appellant argues that the trial court "erred when it ruled claims of ineffectiveness [] are not permitted on direct appeal[.]" **Anders** Brief at 4.

The Honorable Charles T. Jones, Jr., sitting as the trial court, has authored a comprehensive and well-reasoned Opinion, citing to the record and relevant case law in addressing Appellant's two claims on appeal. After a careful review of the parties' arguments and the record, we affirm on the basis of the trial court's Opinion and conclude that Appellant's appeal is wholly frivolous. **See** Trial Court Opinion, filed 10/12/15, at 5-10 (concluding: (1) Appellant knowingly, intelligently, and voluntarily entered his guilty plea as demonstrated by the written and oral guilty plea colloquy and the transcripts of his guilty plea hearing and sentencing; Appellant's time credit claims did not constitute "manifest injustice" warranting post-sentencing withdrawal of his guilty plea; and (2) Appellant may not raise his premature ineffectiveness claims on direct review; he must wait until collateral review).

Having determined that the arguments addressed in the **Anders** Brief are frivolous, it remains for this Court to conduct an independent examination of the record to determine whether counsel could have raised any non-frivolous arguments. **Santiago**, **supra** at 355 n.5.

The record reflects that the trial court thoroughly examined Appellant regarding his waiver of his right to trial by jury, his decision to plead guilty,

and his agreement with the facts recited by the prosecutor. N.T. Guilty Plea Hearing, 6/8/15, at 3-12.

In addition, the sentencing transcript reveals that Appellant's sentence is legal and that his sentences fall within the standard guideline ranges. N.T. Sentencing, 8/25/09, at 3, 7-11. The trial court noted that it had reviewed a pre-sentence investigation report, that it knew Appellant's age, education, and some facts about his background, and that Appellant had committed the current offenses while on parole in another matter. *Id*. at 2, 4-7. We do not discern any non-frivolous argument that could be raised with regard to the sentencing proceeding.

In summary, our independent review of the record confirms counsel's assertion that Appellant cannot raise any non-frivolous issues in this appeal. Thus, we grant Attorney Judd's Petition to Withdraw as counsel, and affirm Appellant's Judgment of Sentence.

The parties are instructed to attach a copy of the trial court's Opinion to all future filings.

Judgment of Sentence affirmed. Petition to Withdraw as counsel granted. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/7/2016

- 6 -

SCANNED IMAGE

ENTERED & FILED
CLERK OF COURTS
LEBANON, PA
2015 OCT 12 PM 1 21

IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA

CRIMINAL DIVISION

COMMONWEALTH OF
PENNSYLVANIA

      v.

DERIK KRAUSE,
Defendant

:
:
:
:
:
:
:
:
:

CP-38-CR-1715-2014

## ORDER

AND NOW, this 12th day of Octoberber, 2015, after careful consideration of the record, this Court enters the following Opinion to assist the Superior Court in determining Defendant's Direct Appeal.

The Clerk of Courts of Lebanon County is hereby directed to transmit the record of this case, together with this Order and Opinion, to the Superior Court of Pennsylvania for its review, pursuant to the requirements of Pa.R.A.P. 1931.

BY THE COURT:

_____, J.
CHARLES T. JONES, JR.

Cc: District Attorney's Office (Becker)
     Elizabeth Judd, Esquire
     Defendant – LCCF
     Amanda C. Pipenberg, Law Clerk

\* PURSUANT TO Pa.R.Crim. P. 114
All parties are hereby notified
this date: 10-12-15
Clerk of Courts, Lebanon, PA

**IN THE COURT OF COMMON PLEAS
OF LEBANON COUNTY, PENNSYLVANIA**

**CRIMINAL DIVISION**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | |
| | : | |
| | : | |
| v. | : | CP-38-CR-1715-2014 |
| | : | |
| DERIK KRAUSE, | : | |
| Defendant | : | |
| | : | |

**APPEARANCES:**

David J. Arnold, Jr., Esquire             For Commonwealth
District Attorney's Office

Elizabeth Judd, Esquire             For Defendant
Public Defender's Office

**OPINION BY JONES, J.:**

Defendant has filed a Notice of Appeal to the Superior Court. Defendant did not file Post-Sentence Motions in this matter. This Court did not have the opportunity to rule on the issues presented by Defendant in his Concise Statement. The following Opinion contains the findings of this Court on the issues raised by Defendant in his Direct Appeal.

## I.  FACTUAL HISTORY

On or about September 29, 2014, Defendant entered Hobbeze, Inc. (herein the Victim) located at 1604 East Cumberland Street, North Lebanon Township, Lebanon County, Pennsylvania without permission with the intent to commit a crime therein. Defendant used a crowbar to enter the premises. Defendant was also seen to be loitering or prowling around the premises around the time of the Burglary. Defendant was dressed in all black including a hooded sweatshirt with the hood up during this time.

When law enforcement officers arrived, Defendant was hiding in his vehicle. Defendant was laying in the back seat of the vehicle and the keys were in the ignition. Defendant refused to exit the vehicle when he was asked to do so by police. Defendant also refused to show his hands to police and police had to pry his hands from under his person in order to place Defendant in handcuffs. While placing Defendant in handcuffs, police noticed that Defendant's eyes were bloodshot and glassy, there was a strong odor of alcohol on Defendant, and Defendant claimed that he did not understand what was going on. A crowbar was found in the vehicle which was consistent with the damage done to the premises of the Victim.


## II.  PROCEDURAL HISTORY

Defendant was charged with the following on November 13, 2014:

1. Burglary (F1) under 18 Pa.C.S.A. § 3502(a)(3);
2. Criminal Trespass (F2) under 18 Pa.C.S.A. § 3503 (a)(1)(ii);
3. Possession of an Instrument of Crime (M1) under 18 Pa.C.S.A. § 907(a);
4. Resisting Arrest (M2) under 18 Pa.C.S.A § 5104;
5. Loitering and Prowling at Night Time (M3) under 18 Pa.C.S.A. § 5506;
6. Criminal Mischief (M3) under 18 Pa.C.S.A. § 3304(a)(5); and
7. Driving Under the Influence of Alcohol (M) under 75 Pa.C.S.A. § 3802(e).

3

Defendant entered a plea of guilty to all of the above charges on June 8, 2015. Defendant was sentenced on July 22, 2015 to the following:

Count 1: to pay the costs of prosecution, a fine of two hundred dollars ($200.00), and make restitution to Charles Polkinghorn in the amount of two thousand five hundred dollars ($2,500.00) and to Selective Insurance Company of America in the amount of one thousand three hundred seventy dollars ($1,370.00) and a term of imprisonment in the Lebanon County Correctional Facility (herein LCCF) for an indeterminate period the minimum of which shall be nine (9) months and the maximum of which shall be two (2) years, less one (1) day;

Count 2: merged with Count 1;

Count 3: to pay the costs of prosecution, a fine of two hundred dollars ($200.00), and a term of imprisonment in LCCF for an indeterminate period the minimum of which shall be three (3) months and the maximum of which shall be two (2) years less one (1) day to be served concurrently with Count 1;

Count 4: to pay the costs of prosecution, a fine of two hundred dollars ($200.00), and to be placed on probation for a period of two (2) years less one (1) day to be served concurrently with Counts 1 and 3;

Count 5: to pay the costs of prosecution, a fine of two hundred dollars ($200.00), and to be placed on probation for a period of one (1) year to be served concurrently to Counts 1, 3, and 4;

Count 6: to pay the costs of prosecution, a fine of two hundred dollars ($200.00), and to be placed on probation for a term of one (1) year to be served concurrently with Counts 1, 3, 4, and 5;

Count 7: to pay the costs of prosecution, a fine of five hundred dollars ($500.00), and to be imprisoned at LCCF for an indeterminate period, the minimum of which shall be forty-eight (48) hours and the maximum of which shall be six (6) months to be served concurrently with Counts 1, 3, 4, 5, and 6.

4

Defendant did not file Post-Sentence Motions with this Court after sentencing. Defendant did file a timely Notice of Direct Appeal to the Superior Court on August 21, 2015. This Court issued a Concise Statement Order on August 24, 2015. Defendant filed a Concise Statement on September 14, 2015.

## III. DISCUSSION

Defendant's Concise Statement raises two (2) issues. First, Defendant alleges that his guilty plea was not knowing, intelligent, or voluntary. Second, Defendant alleges that his attorney was ineffective in representing him.

### A. Plea

The Rules of Criminal Procedure allow "at any time before the imposition of sentence, the court may, in its discretion, permit, upon motion of the defendant, or direct, *sua sponte*, the withdrawal of a plea of guilty or *nolo contendere* and the substitution of a plea of not guilty." **Pa.R.Crim.P. 591(a)**. "The standard for withdrawal of a guilty plea after imposition of sentence is much higher; a 'showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified.'" **Muhammed**, 794 A.2d 378, 383 (Pa.Super. 2002) (citing **Commonwealth v. Carpenter**, 555 Pa. 434, 454 (1999); **Commonwealth v. Shaffer**, 498 Pa. 342, 346 (1982)). "A plea rises to the level of manifest injustice when it is entered into involuntarily, unknowingly, or unintelligently." **Commonwealth v. Stork**, 737 A.2d 789, 790 (Pa.Super. 1999) (citing **Commonwealth v. Kephart**, 406 Pa.Super 321 (1991)).

> Once a defendant has entered a plea of guilty, it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him. Therefore, where the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established. A defendant is bound by the statements he makes during his plea

5

colloquy, and may not assert grounds for withdrawing the plea that contradict statements he made when he pled.

**Commonwealth v. Stork**, 737 A.2d 789, 790-91 (Pa.Super. 1999) (internal citations omitted).

> A showing of manifest injustice is required after imposition of sentence since, at this the stage of the proceeding permitting the liberal standard enunciated in *Forbes* might encourage entrance of a plea as a 'sentencing testing device.' We note that disappointment by a defendant in the sentence actually imposed does not represent manifest injustice.

**Muhammed**, 794 A.2d at 383 (internal citations omitted).

> A court "must examine the guilty plea colloquy." **Id.** at 383.

> The colloquy must inquire into the following areas: 1) the nature of the charges; 2) the factual basis of the plea; 3) the right to trial by jury; 4) the presumption of innocence; 5) the permissible range of sentences; and 6) the judge's authority to depart from any recommended sentence. This Court evaluates the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea.

**Id.** at 383-84 (internal citations omitted).

Here, Defendant personally filed out a written guilty plea colloquy prior to entering his plea before this Court. Defendant checked "yes," that he did understand the nature of the charges against him; that his lawyer had explained to him all of the elements of each charge; that he read a copy of the Criminal Information; that he committed the crimes to which he was pleading guilty; that the decision to enter a guilty plea was his alone and that he could not be forced to enter a guilty plea; and that his plea was being given freely and voluntarily, without any force, threats, pressure, or intimidation. Defendant checked the answers himself, initialed each page, and signed the last page of the written colloquy.

This Court went through an oral colloquy as required by law. **See Commonwealth v. Persinger**, 532 Pa. 317 (1992); **Commonwealth v. Kulp**, 476 Pa. 358 (1978); **Commonwealth v. Mendoza**, 730 A.2d 503 (Pa.Super. 1999). Defendant's plea of guilty

6

would not have been accepted and entered as knowing, intelligent, and voluntary if this Court was not satisfied that it was such. At a Hearing on Defendant's Direct Appeal held on September 22, 2015, this Court read to Defendant portions of the transcript for the Guilty Plea. Defendant acknowledged during his guilty plea colloquy with the Court that he understood what he was pleading guilty to and that he was entering an open plea. **See Guilty Plea Transcript; See Direct Appeal Hearing Transcript.** Defendant requested that this Court give him a local sentence so that he could do work release. **See Sentencing Transcript.**

At the Hearing on Direct Appeal, Defendant's main contention was that he was entitled to time credit on this docket number. This Court reviewed Defendant's sentence and explained that Defendant was given credit for five (5) days which he was entitled in this case. Defendant was incarcerated on other days for parole violations on another action number around the same time he was incarcerated on these charges. The Court explained to Defendant at Sentencing and the Hearing on Direct Appeal that Defendant was not entitled to credit for those days on this action number as it would be double credit because he was given credit for them on the other action number. The following exchange occurred at sentencing:

> JUDD: ... He has been incarcerated for a period of time on this from September 30th to October 5th and then he was re-incarcerated on April 17th and is still in there today.
> COURT: When he was re-incarcerated on April 17th, he had been incarcerated on his second parole violation, right?
> JUDD: Yes, and we had –
> COURT: Just had bail revoked?
> JUDD: Yes, we did.
> COURT: I'm sure you went and talked to him about couldn't get double credit, not entitled to double credit, that kind of stuff.
> JUDD: I certainly did, Your Honor.

**Sentencing Transcript**, July 22, 2015, pp 2-3.

7

DEFENDANT: So I'm only credited for the time from September 30th until October 5th, that's it?

COURT: Yes. Do you know why?

DEFENDANT: Why?

COURT: Because you were on a parole violation. Okay. When I told you or whoever told you to follow the rules of parole and you decided not to follow the rules of parole and you get yourself incarcerated, I don't believe you deserve double credit for this offense and that offense.

**Sentencing Transcript**, July 22, 2015, p 11.

At the Hearing on Direct Appeal, the following exchange occurred:

COURT: Nowhere in [the Guilty Plea Transcript] does anybody say anything about this time being credited. By that, I mean the time between April 17th and July 22nd, any of that time where bail was increased being credited both for the parole violation and for the new charge. But I guess to go to back to Attorney Becker's question, that is your real problem here. You did not get credit for that time both for your parole violation and for the new sentence; is that correct, Mr. Krause?

DEFENDANT: Kind of, Your Honor. That time there she told me there's a chance that that wouldn't count, but the original time when I got the charge on September 29th, that that time would count until I bailed out because that was –

COURT: But you did get that credit for that.

DEFENDANT: I got five days credit. I was under the impression that at least the whole two months would count.

COURT: Well, you just told me that she told you that you might not get credit for that time.

DEFENDANT: I was talking about from April 17th to when I got sentenced.

COURT: Right. And you didn't get credit for that time. The only time that you were in jail on this new charge was September 30th until October 5th. That's when you went to jail initially. I guess they picked you up on the 29th and actually got you into booking and had bail set by a judge on September 30th. So from September 30th until October 5th I gave you credit for that time. And then I started the new sentence against the day I sentenced you, which was eight days before you were paroled on your other action number where you were serving the parole violation time, 226 of 2013.

So that's basically your main problem here, that whenever bail was re-set on this action number, 1715. You wanted the time from April 17th when your bail was increased until July 22nd to count, but as I mentioned, you were

8

already in jail on a parole violation. So you did get credit for that time period it just went to your parole violation on Action Number 226 of 2013. And when I started with sentencing, Attorney Judd said she did talk to you about the fact that you're not entitled to double credit, and you didn't ever jump up and down and say, hey, wait a minute. I was promised I would get credit for this.

**Direct Appeal Hearing**, September 22, 2015, pp 20-25.

Essentially, Defendant argued that he should have been given credit on the sentence in this case for time he spent in jail on parole violations on another action number. This Court explained to Defendant at the Hearing that he was not entitled to credit for that time on this action number because he had received credit for that time on the other action number and was not entitled to double credit. Defendant stated at the Hearing that he regretted entering a plea and now believed that maybe he should have gone to trial. **See Direct Appeal Hearing Transcript**, September 22, 2015, p 26. Defendant's regret is not sufficient to show manifest injustice. Defendant is not permitted to withdraw his plea after sentencing simply because he has regrets and wants time credit for days spent incarcerated on another matter.

### B. Ineffective Assistance of Counsel

Pennsylvania Courts have consistently held that: "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." **Commonwealth v. Grant**, 572 Pa. 48, 67 (2002). Defendant is still represented by plea counsel in this matter. This Court finds that Defendant has raised the issue of ineffective assistance of counsel prematurely.

## IV.  CONCLUSION

For the reasons set forth above, this Court would deny Defendant's Direct Appeal. An Order will be entered consistent with the foregoing.